IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT STEED,

                Plaintiff,

v.

JULIE STENERSON,[1]

                Defendant.

OPINION & ORDER

16-cv-378-jdp

---

Plaintiff Robert Steed brings this lawsuit in which he alleges that defendant Julie Stenerson, a nurse at the New Lisbon Correctional Institution, violated his Eighth Amendment rights by failing to provide him with hypertension medication. Stenerson has filed a motion for summary judgment. Steed has filed motions for an order directing prison officials to give him more law library time, for an extension of his summary judgment response deadline, and for the court's assistance in recruiting him counsel. But shortly thereafter Steed filed his summary judgment response, so that motion is fully briefed. I will deny Steed's motions, and after considering the summary judgment materials filed by the parties, I will grant Stenerson's motion for summary judgment because the undisputed acts show nothing more than a mistake on Stenerson's part, which is not enough to violate the Eighth Amendment.

PRELIMINARY MATTERS

Steed filed a motion for an order directing prison officials to give him more law library time, and extension of his summary judgment response deadline. Dkt. 28. He filed a second

---

[1] I have amended the caption to match the spelling of defendant's name as reflected in her declaration. *See* Dkt. 26.

motion renewing his previously denied motion for the court's assistance in recruiting him counsel. Dkt. 30. But he followed shortly thereafter with his summary judgment response and supporting materials, which are relatively well prepared. I will deny his motions as moot because he was able to file a summary judgment response in advance of his deadline. I also note that the summary judgment materials reveal no reason for me to consider recruiting counsel for Steed. As the discussion below shows, the problem with Steed's claim is not a lack of counsel, time, or access to the law library; it is that the undisputed facts show that defendant Stenerson at most acted negligently toward Steed, which is not enough to violate the Eighth Amendment.

UNDISPUTED FACTS

The following facts are drawn from the parties' summary judgment materials, and are undisputed unless noted otherwise.

Plaintiff Robert Steed is an inmate at the New Lisbon Correctional Institution (NLCI). Defendant Julie Stenerson worked as a licensed practical nurse in the pharmacy department of the Health Services Unit (HSU) at NLCI.

Steed suffers from hypertension and was prescribed Hydrochlorothiazide and Metoprolol to treat this problem. Under Department of Corrections' policies, inmates with this type of chronic condition are provided with 30 days' worth of medication at a time. An inmate in general population, like Steed was, must fill out a "Medication/Medical Supply Refill Request" form requesting a refill of medication when he is running out. HSU staff retrieve filled-out forms from a box in each unit and send them on to the pharmacy department. A nurse, in this case defendant Stenerson, reviews each form and decides how to respond: options

include dispensing a new supply of medication, ordering more medication, or telling the inmate that his prescription has expired or that he is requesting a refill too soon. When the nurse dispenses medication, correctional officers deliver the medication to the inmate.

On July 14, 2014, Steed submitted a Medication/Medical Supply Refill Request form, requesting Hydrochlorothiazide and Metoprolol.[2] Stenerson received the form, initialed the form, and marked the "Date Returned to Patient" line of the form with "7/15/14." She also dispensed the medication. But in addition to the correct medications—60 doses of 25 mg Metoprolol[3] and 30 doses of 25 mg Hydrochlorothiazide—Stenerson included 30 doses of 12.5 mg Hydrochlorothiazide. This lower dosage apparently reflected a previous prescription. Correctional officers took the medication and the form and delivered them to Steed. Steed's medical records show that he received the Metoprolol on July 15 and the Hydrochlorothiazide on July 16.

Steed's proposed findings are somewhat unclear, but I take him to be saying that he mistakenly took the 12.5 mg doses of Hydrochlorothiazide for the next eight days, leading to him suffering dangerously high blood pressure, swollen ankles and knees, and migraine headaches. Steed filed a health service request on July 22, 2014, after he figured out that some of the Hydrochlorothiazide he received was the wrong dosage. A nurse's response indicated

---

[2] The form shows that Steed also asked for an ointment, to which Stenerson responded, "Can't be refilled." Dkt. 25-1, at 3. Steed's claim is not about the ointment so I need not discuss this issue further.

[3] It appears that Stenerson gave Steed more Metoprolol (60 days' worth) than the DOC policy usually allows (30 days' worth) but Steed does not suggest that his claim hinges of receiving too much of this medication.

that Steed had both 12.5 and 25 mg doses. Steed returned what remained of the 12.5 mg doses.

ANALYSIS

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). If the nonmoving party fails to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the moving party is proper. *Celotex*, 477 U.S. at 322.

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The parties do not appear to be disputing that Steed's

hypertension or symptoms occurring after he took the wrong dosage of Hydrochlorothiazide were serious medical needs.

To be considered "deliberately indifferent," an official must know of and disregard "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Steed alleged in his complaint that he "did not receive his prescribed medication" for eight days. Dkt. 2, at 6. The undisputed facts largely contradict that allegation, instead showing that Stenerson promptly responded to Steed's request and then provided him with his correct medication and extra, smaller dosages of Hydrochlorothiazide. Construing Steed's pro se allegations generously, one might say that Stenerson's actions resulted in Steed failing to receive the *correct dosage* of his medication, because she gave him one set of doses that no longer reflected his then-prescribed dosage.

The problem for Steed is that no reasonable jury could conclude that the error by Stenerson rose to the level of a constitutional violation. Steed needs to present facts showing that Stenerson acted with deliberate indifference to his medical need, but all these facts show is that Stenerson was negligent by including a set of incorrect doses along with the correct doses. Negligence or medical malpractice do not constitute deliberate indifference. *Pierson v.*

*Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000).[4]

Steed contends that Stenerson violated DOC policy by failing to "educate" him about the name of the medication, dosage, time to take, possible side effects, and reason for taking the medication. Dkt. 33, at 1 (citing Division of Adult Institutions Policy No. 500.80.11, Dkt. 32-1 and 32-2). But the violation of a prison policy does not, by itself, establish a constitutional violation. *See Bradich ex rel. Estate of Bradich v. City of Chicago*, 413 F.3d 688, 690 (7th Cir. 2005). And Stenerson's failure to provide more guidance here does not tend to show deliberate indifference on her part because all she was doing was providing a simple refill of Steed's medication; Steed should have already known everything he needed to know about his medications. The problem was caused by him receiving incorrect dosages as a result of Stenerson's mistake.

Finally, Steed contends that Stenerson's error here is part of a systemic statewide problem caused by a shoddy medication distribution system subjecting prisoners to a serious risk of harm violating the Eighth Amendment. But this claim is not part of this lawsuit; this case was severed from the original lawsuit brought by four prisoners alleging systemic problems with the DOC medication distribution system. *See* Dkt. 1 (severing this case from No. 14-cv-747-jdp). Even if Steed brought such a claim in this case, he provides no evidence supporting it. As stated above, all the undisputed facts show is that on this one occasion, Stenerson mistakenly included lower dosages of Hydrochlorothiazide along with the correct amount.

---

[4] For her part, Stenerson argues that she did not breach any duty of care to Steed, which seems unlikely given that she dispensed him incorrect doses of medication. But again, Stenerson's negligence does not violate the Eighth Amendment.

Because no reasonable jury could conclude that the incorrect dosage was caused by deliberate indifference on Stenerson's part, I will grant summary judgment to her and close the case.[5] Stenerson also argues that she is entitled to qualified immunity. Because I conclude that Stenerson was not deliberately indifferent, it is not necessary to address this argument.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Steed's motion for law library time and an extension of his summary-judgment-response deadline, Dkt. 28, is DENIED.

2. Plaintiff's renewed motion for the court's assistance in recruiting him counsel, Dkt. 30, is DENIED.

3. Defendant Julie Stenerson's motion for summary judgment, Dkt. 22, is GRANTED.

4. Defendant's motion to stay pretrial deadlines, Dkt. 39, is DENIED as moot.

5. The clerk of court is directed to enter judgment for defendant and close the case.

Entered March 2, 2018.

BY THE COURT:
/s/
_____
JAMES D. PETERSON
District Judge

---

[5] Stenerson has also filed a motion to stay pretrial deadlines, Dkt. 39, but I will deny that motion as moot because this order resolves the case.